IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN W. WASHINGTON,

    Plaintiff,                    No. CIV S-07-0098 WBS KJM P

    vs.

CORRECTIONAL OFFICER REEDER,
et al.,

    Defendants.           ORDER

/

       Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request to proceed in forma pauperis. In light of 1996 amendments to 28 U.S.C. § 1915, this court will not rule on plaintiff's request to proceed in forma pauperis.

       The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

/////

1    Venue of this action is technically appropriate in the Eastern District of California
2 because the headquarters of the California Department of Corrections and Rehabilitation and the
3 California Department of Forestry are located in this district.  Nevertheless, the court is
4 transferring this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a) in
5 the interests of justice for the following reasons.
6    It is clear that plaintiff is suing CDCR and the Department of Forestry solely in a
7 <u>respondeat superior</u> capacity.  Additionally, plaintiff is seeking monetary damages primarily;
8 although he asks for injunctive relief, the basis of his suit is past events, generally not the subject
9 of injunctive relief.   As such, the CDCR and Department of Forestry are subject to be dismissed
10 from this § 1983 action.  <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979).  Venue would then
11 be improper in this district because no defendant would be found here.  Venue would also be
12 improper because the claims for which plaintiff seeks relief took place in the Northern District.
13 Thus, it is appropriate that those claims be litigated in that district.
14    IT IS THEREFORE ORDERED that:
15    1. This court has not ruled on plaintiff's request to proceed in forma pauperis;
16 and
17    2. This action is transferred to the Northern District of California.
18 DATED: March 30, 2007.

_____
U.S. MAGISTRATE JUDGE

2
wash0098.21c